JO. GREATHOUSE *v.* RICHARD WRIGHT ET AL.

Bills and Notes—Consideration.

A note, given to secure a payment for property taken, as a bribe to prevent prosecution of one of the obligors, is illegal and without consideration.

Same.

But notwithstanding a previous intention or threat to institute such a prosecution if the note was given for the value of the property taken, and to compromise the plaintiffs claim to damages for trespass, the consideration is legal.

APPEAL FROM HANCOCK COMMON PLEAS.

November 19, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

This was an ordinary action on the promissory note of the appellees, Richard Wright and William Wright, for $150. The defendants pleaded that the note was executed without any legal and valuable consideration, and a verdict and judgment having been rendered in their favor and a new trial refused, the plaintiff seeks a reversal of the judgment on this appeal.

It was proved on the trial that before the date of the note, a man whose name was not disclosed, took a horse from the plaintiff by force, said Richard Wright being in company with said trespasser at the time, acting in some military or pretended military capacity; but the evidence was not conclusive as to Wright's participation in the trespass. It was further made to appear, by the plaintiff's statement, as proved by one witness only, that about the date of the note the plaintiff having threatened to prosecute Wright for aiding in taking the horse, required the execution of such a note as the condition of his forbearance to do so, and that the note he exacted was given, as for the value of the horse. But it was not directly or certainly proved that the note in controversy was the same note so required and given; and there was no other evidence as to the consideration of the note.

22

No exceptions having been taken to the instructions of the court, the only question is, is the verdict of the jury sustained by the evidence?

The issues devolved on the defendants the burden of proving by preponderating evidence that the note was without legal or valuable consideration. And although the court ought not to have disturbed the verdict on the ground that it was not sustained by the evidence, unless the weight of evidence against the verdict, or the want of evidence to support it, was manifestly apparent, yet with this restriction on the action of the court, the verdict should not have been sustained unless it appeared that the consideration of the note was given to secure payment of $150 as a bribe to the plaintiff, to prevent the prosecution of one of the obligors, then the consideration was illegal, but if on the contrary, notwithstanding a previous intention or threat of the plaintiff to institute such a prosecution, the note was given for the value of the horse and to compromise the plaintiff's claim to damages for the trespass, the consideration was legal. If there was cause for a prosecution there must have been also a cause of civil action; and if it is admitted, as the evidence conduces to prove, that the note in controversy was the same which the plaintiff professed to have demanded and received in connection with his complaint of being deprived of his horse, the law presumes the transaction to have been legal rather than illegal. But this presumption is to some extent repelled by the fact as proved, that the plaintiff demanded the execution of such a note as a condition that he would not prosecute Wright.

It seems to us, therefore, that the verdict was not so manifestly unauthorized by the evidence as to have required the court to grant a new trial.

Wherefore, the judgment is *affirmed.*

*Bush, for appellant.*